## METROPOLIS CO. et al. v. TEXAS PUBLICATION HOUSE.

### No. 10844.

Court of Civil Appeals of Texas. Dallas.
Sept. 26, 1931.

On Motion for Rehearing, Nov. 14, 1931.

Reid & Erhard, of Dallas, for appellants.

404

Turner, Rodgers & Winn, of Dallas, for appellee.

JONES, C. J.

In this cause no briefs have been filed by either party and the duty rests on the court to examine the record only for the purpose of determining whether fundamental error is shown to exist. In order to assist the court in such examination, appellants' attorneys, employed just before submission of the case, have filed a written argument pointing out what is claimed to be such error. After such argument was filed, appellee filed what it styles a remittitur, which in effect recognizes the fact that the judgment of the lower court is in error and must be reformed, but claims that as reformed the case should be affirmed.

It appears from the pleading of appellee that appellant McGee, at the time of the judgment, was indebted to appellee under a written contract, in the sum of $1,730 plus interest at the rate of 6 per cent. per annum for such length of time as to make the indebtedness amount to $1,964.12. It also appears from the pleadings of the parties that this indebtedness was incurred under a contract with appellee to print a certain number of volumes of a book at $6 per page, and that this book was composed of 400 pages, making the contract indebtedness $2,400. The said $1,730 represents the balance due on this indebtedness. It further appears from the pleadings that, under the contract, appellant McGee, a party thereto, pledged to appellee, as collateral security, four certain vendor lien notes owned by him, amounting to the sum of $2,900, and that these notes were delivered and held as collateral security. And it further appears from the pleadings and admitted by appellants in their argument that appellee had the option under the contract to accept the vendor lien notes as full payment for the indebtedness, or could treat such vendor lien notes as collateral security and look primarily to appellant McGee for payment of the indebtedness.

The Metropolis Company, the other appellant, filed a pleading in the lower court that it was the owner of said notes, and that its ownership antedated the assignment by McGee to appellee, and instituted this suit against appellee for conversion of the notes. The appellee specifically denied such ownership in said appellant and filed a cross-action praying for judgment quieting its title to said notes, and also prayed judgment against McGee for the indebtedness then due.

The judgment entered in the lower court denied the claim of the Metropolis Company, decreed absolute title and ownership to the notes in appellee, and gave judgment against appellee McGee for the full amount of the indebtedness. This judgment was unwarranted by the pleadings, for manifestly, under the contract shown to have been relied upon by both McGee and appellee, judgment in favor of appellee vesting in it full and absolute title to such notes precluded it from any personal judgment against McGee. This fact is recognized by appellee in its remittitur and is the fundamental error pointed out by appellant.

We have therefore concluded that the judgment of the lower court must be reformed to the extent of denying to appellee judgment against McGee in the sum of $1,964.15, and that the portion of the judgment which vests full title to the four vendor lien notes in appellee should be affirmed. It is further ordered that, because of such fundamental error, the costs of this appeal must be taxed against appellee.

Judgment of the lower court reformed, and as reformed affirmed.

On Motion for Rehearing.

Appellant Metropolis Company has filed a motion for rehearing and has pointed out the fact to this court that the pleading of appellee does not authorize a judgment in its favor on its right of option in the contract, by which the four vendor lien notes were pledged to appellee as security, to accept the notes as full satisfaction of the debt. We agree with this contention, and the judgment, heretofore entered, will be set aside, and in lieu thereof judgment will be entered in this court in favor of appellee against McGee for the sum of $1,964.15, with interest thereon at the rate of 6 per cent. per annum from date of the judgment in the district court, together with a foreclosure of the lien on the four vendor lien notes pledged to appellee as collateral security.

The motion for rehearing is therefore granted, the former judgment set aside, and the judgment above indicated will be entered. Costs of this appeal will be taxed against appellee, the Texas Publication House.